**FILED**

2012 May-17 PM 05:12
U.S. DISTRICT COURT
N.D. OF ALABAMA



**United States District Court**
**Middle District of Tennessee**

Office of the Clerk
800 United States Courthouse
Nashville, Tennessee  37203
(615) 736-7396

E-Mail: Joyce_A_Brooks@tnmd.uscourts.gov
Web Site: www.tnmd.uscourts.gov

May 14, 2012

/ND/AL
2:12-CR-231-SLB/

Clerk
U. S. District Court
Hugo L. Black U.S. Courthouse
1729 Fifth Avenue North, Room 140
Birmingham, AL 35203-2000

Re: TRANSFER OF JURISDICTION
    USA v. Thomas Edward White
    Middle District of Tennessee Criminal Case No. 1:02-00019-01

Dear Clerk:

    As your Court has accepted jurisdiction over the above-named defendant, enclosed please find certified copies of pertinent documents.

    Should you require any additional documents, please let me know.

                                    Sincerely,

                                    Joyce A. Brooks
                                    Criminal Docketing Clerk

Enclosures

cc: U.S. Probation Office

| PROB 22 (Rev. 2/88) | | DOCKET NUMBER *(Tran. Court)* 1:02-00019-01 |
|---|---|---|
| **TRANSFER OF JURISDICTION** | | DOCKET NUMBER *(Rec. Court)* 2:12-CR-231-SLB |
| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE: Thomas      Edward      White Box 550 County Road 157 Lexington, AL  35648 | DISTRICT Middle District of Tennessee | DIVISION Nashville |
| | NAME OF SENTENCING JUDGE William J. Haynes, Jr. | |
| | DATES OF PROBATION/SUPERVISED RELEASE: | FROM 04/02/2009 | TO 04/01/2012 |

| OFFENSE |
|---|
| 21 U.S.C. 843(a)(6)(d)(2), Possession of Equipment and Materials to Manufacture Methamphetamine |

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE    Middle District of Tennessee

   IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the Northern District of Alabama upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

| 1-5-12 | |
|---|---|
| *Date* | *United States District Judge* |

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE    Northern District of Alabama

   IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

| 1-27-12 | |
|---|---|
| *Effective Date* | *United States District Judge* |

103

FILED

PROB 12A
(REVISED 5/2011)
2012 MAY 17 A 11: 42

U.S. DISTRICT COURT
N.D. OF ALABAMA

# United States District Court
### for
### Middle District of Tennessee

ND/AL
2:12-CR-231-SLB

## Report on Offender Under Supervision

Name of Offender: <u>Thomas Edward White</u>          Case Number:   <u>1:02-00019</u>

Name of Judicial Officer: <u>The Honorable William J. Haynes, Jr. U. S. District Judge</u>

Date of Original Sentence: <u>December 21, 2004</u>

Original Offense: <u>21 U.S.C. § 843(a)(6)(d)(2), Possession of Equipment and Materials to Manufacture Methamphetamine</u>

Original Sentence: <u>120 months' custody in the BOP; 3 years' supervised release</u>

Type of Supervision: <u>Supervised Release</u>          Date Supervision Commenced: <u>April 2, 2009</u>

Assistant U.S. Attorney: <u>Paul O'Brien</u>          Defense Attorney: <u>Peter J. Strianse</u>

---

**THE COURT ORDERS:**

☒ No Action *as recommended*
☐ Submit a Petition for Summons
☐ Submit a Petition for Warrant
☐ Allow to Terminate Owing Restitution

Considered this ___ day of
___, 2011, and made a part of the records in
the above case.

_____
U. S. District Judge
William J. Haynes, Jr.

ATTEST AND CERTIFY
A TRUE COPY
Clerk
U.S. District Court
Middle District of Tennessee
By _____
Deputy Clerk

I declare under penalty of perjury that the
foregoing is true and correct. Respectfully
submitted,

_____
Supervisory U.S. Probation Officer
Kenneth Parham

Place     Nashville, Tennessee

Date     December 19, 2011

(100)

**ALLEGED VIOLATIONS**

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation No.  Nature of Noncompliance

1.  **The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance.**

On December 9, 2011, Mr. White was arrested by the drug task force in Florence, Alabama, and charged with Unlawful Possession of a Controlled Substance (pain pills) and Possession of Marijuana.  The offender's next court date is January 9, 2012.

## Compliance with Supervision Conditions and Prior Interventions:

Mr. White began his term of supervised release on April 2, 2009. He is being supervised in the Northern District of Alabama.

Senior U.S. Probation Officer John D. Gurley submitted a memorandum to our office regarding the offender's arrest. Officer Gurley advised that on December 12, 2011, Mr. White reported to his office to discuss the details of his arrest. The offender stated that he had a "one night stand" and the person he was with left the pills and marijuana. Mr. White advised he did not consume the drugs. Officer Gurley conducted a urine screen on the offender and it was negative for illegal drug use.

Officer Gurley is still attempting to get the police report, but to date, he has been unsuccessful. The possession of the controlled substance charge is a felony and the possession of the marijuana is a misdemeanor.

## U.S. Probation Officer Recommendation:

The probation office is requesting that no action be taken by the Court at this time to allow Mr. White to have these charges addressed first in the Alabama State Court.

The U. S. Attorney's Office has been advised of the offender's noncompliance.


Approved: _____ For

Jim Perdue
Deputy Chief U.S. Probation Officer

FILED

**IN THE UNITED STATES DISTRICT COURT**
2012 MAY 17 **FOR THE MIDDLE DISTRICT OF TENNESSEE**
**COLUMBIA DIVISION**

U.S. DISTRICT COURT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ND/AL |
| Plaintiff, | ) | 2.12-CR-231-SLB |
| | ) | |
| v. | ) | NO. 1:02-00019 |
| | ) | JUDGE HAYNES |
| THOMAS EDWARD WHITE, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Before the Court is the Defendant's motion to modify his sentence to conform to its earlier judgment in light of <u>United States v. Booker</u>, 125 S.Ct. 738 (2005) (Docket Entry No. 96). The Government has responded that the Court should modify the sentence, but that <u>Booker</u> does not require any modification. (Docket Entry No. 97).

Upon review of the Court's December 28, 2004 judgment, the Defendant's motion to modify is **GRANTED** to impose a sentence of eighty-four (84) months.

It is so **ORDERED**.

**ENTERED** this the ___ day of December, 2005.

WILLIAM J. HAYNES, JR.
United States District Judge

ATTEST AND CERTIFY
A TRUE COPY
Clerk
U S District Court
Middle District of Tennessee

By
Deputy Clerk

98

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

FILED

## JUDGMENT IN A CRIMINAL CASE

2012 MAY 17 AM 11:42   (For Offenses Committed On or After November 1, 1987)

**UNITED STATES OF AMERICA**   DISTRICT COURT
N.D. OF ALABAMA

v.

CASE #: 1:02-00019-01
USM #:17959-075

THOMAS EDWARD WHITE

Peter J. Strianse
DEFENDANT'S ATTORNEY

ND/AL
2:12 CR-231-SLB

**THE DEFENDANT:**

[X] pleaded guilty to **count 3 (three) of the indictment.**
[] pleaded nolo contendere to count(s) which was accepted by the court.
[] was found guilty on count(s) after a plea of not guilty.

Accordingly, the Court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. § 843(a)(6) (d)(2) | Possession of Equipment and Materials to Manufacture Methamphetamine | September 11, 2002 | 3 |

The defendant is sentenced as provided in this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[] The defendant has been found not guilty on count(s) , and is discharged as to such counts.
[X] Count(s) **1, 2 and 4**   dismissed on the motion of the United States.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States District Court for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

December 21, 2004
Date of Imposition Sentence

Signature of Judicial Official

William J. Haynes, Jr. U.S. District Judge
Name & Title of Judicial Official

Date: December 21, 2004

ATTEST AND CERTIFY
A TRUE COPY
Clerk
U.S. District Court
Middle District of Tennessee

Deputy Clerk

This document was entered on the docket in compliance with Rule 55, FRCrimP, on 12-28-04. By:

93

THOMAS EDWARD WHITE
1:02-00019-01

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **120 (One Hundred Twenty) Months**.

**In accordance with the 6th Circuit Court of Appeal's ruling, the court imposes an alternative sentence for a term of 84 (eighty four) months, if the sentencing guidelines are ruled to be unconstitutional by the U. S. Supreme Court.**

The defendant was advised of his right to appeal.

The Court makes the following recommendations to the Bureau of Prisons:

That when eligible, the defendant be placed in the 500 (Five Hundred) hour drug treatment program, under statue 18 U. S. C. 3621(e).

That the defendant be placed in a facility near Talladega, AL.

[X] The defendant is remanded to the custody of the United States Marshal.
[] The defendant shall surrender to the United States Marshal for this district,

> [] at .
> [] as notified by the United States Marshal.

[] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons,

> [] before 2 p.m. on .
> [] as notified by the United States Marshal.
> [] as notified by the Probation Office.

# R E T U R N

I have executed this judgment as follows:

_____   _____   _____

_____   _____   _____

_____   _____

_____ _____ Defendant delivered on

_____ _____ to _____ ,

with a certified copy of this judgment.

_____

United States Marshal

THOMAS EDWARD WHITE
1:02-00019-01

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 (three) years** .

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not illegally possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the Court.

[]     The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
[]     The defendant shall not possess a firearm, destructive device, or any dangerous weapon. (Check, if applicable.)
[]     The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
[]     The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works or is a student, as directed by the probation officer. (Check, if applicable.)
[]     The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

       If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

       The defendant shall comply with the standard conditions that have been adopted by this court(set forth below).  The defendant shall also comply with the additional, special conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may by occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement;

14) the defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment;

15) the defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

THOMAS EDWARD WHITE
1:02-00019-01

# SUPERVISED RELEASE
# SPECIAL CONDITIONS

1.    The defendant shall participate in a program of drug testing and substance abuse treatment which may include a 30-day inpatient treatment program followed by up to 90 days in a community correction center at the direction of the probation officer.

2.    The defendant shall maintain verifiable employment subject to the approval of the United States Probation Office and provide any documentation requested by the United States Probation Office.

3.    The defendant is prohibited from owning, carrying or possessing firearms, destructive devices or other dangerous weapons.

4.    The defendant shall participate in a mental health program as directed by the United States Probation Office. The defendant shall pay all or part of the cost for mental health treatment if the United States Probation Office determines the defendant has the financial ability to do so or has appropriate insurance coverage to pay for such treatment.

5.    The defendant shall be required to participate in an adult education program and prove consistent effort, as determined appropriate by the United States Probation Office, toward obtaining his General Equivalency Diploma (GED).

THOMAS EDWARD WHITE
1:02-00019-01

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 100.00 | $N/A | $ 8,387.60 |
| $8,487.50 | | | |

[] The determination of restitution is deferred until. An *Amended Judgment in a Criminal Case (*AO 245C) will be entered after such determination.

[] The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximate proportioned payment, unless specified otherwise in the priority order or percentage column below.  However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid in full prior to the United States receiving payment.

| Name of Victim | ** Total Amount of Loss | Amount of Restitution Ordered | Priority Order Or Percentage of Payment |
|---|---|---|---|
| United State District Court Clerk's Office | $8,387.60 | $8,387.50 | |
| **Totals:** | **$ 8,387.60** | **$ 8,387.60** | |

| [X] Restitution amount ordered pursuant to plea agreement | | $ 8,387.60 |
|---|---|---|

[]The defendant must pay interest on any fine or restitution of more than $ 2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on the Schedule of Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

[] The court has determined that the defendant does not have the ability to pay interest and it is ordered that:

      [] The interest requirement is waived.

      [X] The interest requirement is modified as follows:   No interest to accumulate while in custody.

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

THOMAS EDWARD WHITE
1:02-00019-01

# CRIMINAL MONETARY PENALTIES

## ADDITIONAL RESTITUTION

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Victim | ** Total Amount of Loss | Amount of Restitution Ordered | Priority Order Or Percentage of Payment |
|---|---|---|---|
| Totals: | $ | $ | |

THOMAS EDWARD WHITE
1:02-00019-01

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A**    [X] Lump sum payment of $ 100.00 Special Assessment due immediately.
        [] not later than _____, or
        [] in accordance with C, D, E, or F; or

**B**    [] Payment to begin  immediately (may be combined with C,  D, or F); or

**C**    [] Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of
$_____over a
    period of _____(e.g. months or years), to commence _____(e.g., 30 or 60 days) after the
date of              this judgment; or

**D**    [] Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of
        $_____over a period of _____(e.g. months or years), to commence _____(e.g.,
        30 or 60 days) after release from imprisonment to a term of supervision; or

**E**    [] Payment during the term of supervised release will commence within _____(e.g, 30 or 60
        days) after release from imprisonment.  The court will set the payment plan based on an assessment of
        the defendant's ability to pay at that time; or

        [X] Special instructions regarding the payment of criminal monetary penalties: Defendant to pay 10% of
        his gross monthly income towards his restitution balance of $8,387.50

        **Unless the court has expressly ordered otherwise, if this judgment imposes a period of
        imprisonment, payment of criminal monetary penalties shall be due during the period of
        imprisonment.  All criminal monetary penalties, except those made through the Federal Bureau of
        Prisons' Inmate Financial Responsibility Program are to be made payable to the Clerk, U.S.
        District Court, located at 800 U.S. Courthouse, 801 Broadway, Nashville, TN 37203.**

        **The defendant shall receive credit for all payments previously made toward any criminal
monetary              penalties imposed.**

[] Joint and Several
        Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount,
Joint and              Several Amount, and corresponding payee, if appropriate.

[] The defendant shall pay the cost of prosecution.

[] The defendant shall pay the following court cost(s):

[X] The defendant shall forfeit the defendant's interest in the following property to the United States:
Payments shall be applied in the following order: (1) assessment; (2) restitution principal; (3) restitution
interest; (4) fine principal; (5) fine interest; (6) community restitution; (7) penalties, and (8) costs, including
cost of prosecution and court costs.

FILED

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**

2012 MAY 17  A 11: 41      **COLUMBIA DIVISION**

U.S. DISTRICT COURT

**UNITED STATES OF AMERICA**      )      ND/AL
M.D. OF ALABAMA                  )      2:12-CR-231-SLB
                                 )
**v.**                           )      **Case No. 1:02-00019**   ATTEST AND CERTIFY
                                 )      **Judge Haynes**          A TRUE COPY
**THOMAS EDWARD WHITE**          )                                Clerk
                                                                  U S District Court
                                                                  Middle District of Tennessee

**PETITION TO ENTER A PLEA OF GUILTY** By: _____
                                                              Deputy Clerk

I, **Thomas Edward White**, respectfully represent to the Court as follows:

(1) My true full name is Thomas Edward White and I declare that all proceedings against me be had in that name. I was born on September 1, 1959 and completed nine (9) years of formal education.

(2) My retained lawyer is **Peter J. Strianse, Esq.**

(3) I have received a copy of the superseding indictment before being called upon to plead and have read and discussed it with my lawyer, and believe and feel that I understand every accusation made against me in the indictment.

(4) I have told my lawyer the facts and surrounding circumstances concerning the matters mentioned in the superseding indictment and believe and feel that my lawyer knows as much about this as I do. My lawyer has counseled and advised with me as to the nature and cause of every accusation against me. We have thoroughly discussed the government's case against me and my potential defenses to the government's case. My lawyer has explained each element of the crimes charged to me and what the government would offer to prove these elements beyond a reasonable doubt.

(5) I understand that the statutory penalty for the offenses with which I am charged is as follows: **Count One** (21 U.S.C. §846, Attempt to Manufacture in Excess of Fifty grams of Methamphetamine *(actual)* )- this count carries a minimum mandatory punishment of ten (10) years to life imprisonment, a $4,000,000.00 fine or both, a mandatory five (5) year term of supervised release and a $100.00 special assessment; **Count Two** (21 U.S.C. §841(c)(2), Possession of Pseudoephedrine, a listed chemical )- this count carries not more than ten (10) years imprisonment, a $250,000 fine or both, a term of supervised release of not more than three (3) years and a $100 special assessment; **Count Three** (21 U.S.C. §§843(a)(6) & (d)(2), Unlawful Possession of Equipment Used to Manufacture Methamphetamine)- this count carries not more than ten (10) years imprisonment, a $250,000 fine or both, a term of supervised release of not

This document was entered on the docket in compliance with Rule 55, FRCrimP, on _____ By: _____

1

more than three (3) years and a $100 special assessment; and, **Count Four** (18 U.S.C. § 924(c)(1)(A)(i), Firearm Enhancement Statute) - carries a minimum mandatory punishment of five (5) years running consecutively to the drug trafficking offenses alleged in the superseding indictment.

I have been advised that I will be sentenced under the sentencing provisions of the Comprehensive Crime Control Act of 1984, pursuant to guidelines established by the United States Sentencing Commission. I also understand that the Judge shall impose a sentence within the guideline range unless the court finds, and states on the record, any mitigating or aggravating circumstances that were not adequately taken into consideration by the Sentencing Commission in formulating the guidelines. I also understand that if the Court fails to follow the guidelines or improperly applies the guidelines that I have a right to a review of my sentence by the United States Court of Appeals for the Sixth Circuit within the limits of the plea agreement. I have been advised by my attorney that the guideline range in my case should be from one hundred eighty-eight (188) months to two hundred thirty-five (235) months. *However, since the statutory maximum punishment for the count to which Defendant White enters his plea of guilty, Count Three of the Superseding Indictment (unlawful possession of equipment used to manufacture methamphetamine, in violation of 21 U.S.C. §§843(a)(6) & (d)(2)), is ten (10) years, the Defendant's sentence cannot exceed one hundred twenty (120) months regardless of the guideline calculation made in his case.* I realize that this is simply my attorney's estimate and that my final guideline range will be calculated by the United States Probation Officer who prepares the presentence report in my case, subject to challenge by either me or the government with the final guideline calculation based upon the factual and legal findings of the Court. These findings are subject to appeal within the limits of the plea agreement. I further understand that in addition to any sentence of incarceration I receive that I will be sentenced to a period of supervised release. If I am charged with more than one offense I understand that the sentencing guidelines take this into consideration and may result in a longer sentence whether or not I plead guilty to more than one offense. I have been informed that under the present federal sentencing system I will not be subject to parole and I will receive only 54 days good time per year and it will not vest until the end of each year. I further understand that I will be sentenced to a mandatory fine to be calculated through the guidelines unless the Judge finds me indigent and unable to pay any fine. Considered in this fine will be the amount of financial loss to the victim or gain to me as well as the costs of any confinement or probation supervision. I understand that should this plea of guilty be accepted, I will be a convicted felon in the eyes of the law for the rest of my life. This means, under present law that (a) I cannot vote in Tennessee; (b) I cannot possess a firearm anywhere; (c) If I am presently on probation or parole whether state or federal, the fact that I have been convicted may be used to revoke my probation or parole regardless of what sentence I receive on this case; (d) This conviction may be used as one of the necessary convictions a state would have to prove should they decide to prosecute me for being an habitual criminal. If I were convicted of being an habitual criminal I could be sentenced up to life imprisonment depending on state law; (e) I may have to disclose the fact that I am a convicted felon when applying for employment and such disclosure may result in my not getting some jobs and having difficulty in getting others.

2



(6) I understand that I can plead "NOT GUILTY" to any or all offenses charged against me, and continue to plead "NOT GUILTY", and that if I choose to plead not guilty, the Constitution guarantees me (a) the right to a speedy and public trial by jury; (b) the right not to testify and no implication of guilt would arise by my failure to do so; (c) the right to be presumed innocent until such time, if ever, that the government proves my guilt beyond a reasonable doubt to the satisfaction of a court and jury; (d) the right to see and hear all the witnesses and to cross-examine any witness who may testify against me; (e) the right to use the power and process of the court to compel the production of any evidence, including the attendance of any witnesses, in my favor; and to testify in my own behalf if I choose to do so; (f) the right to have the assistance of counsel in my defense at all stages of the proceedings; (g) if I am convicted at such trial I have the right to appeal with a lawyer to assist me and the appeal will not cost me any money if I am indigent.  I understand that if the Court accepts my plea that there will be no jury trial and that I will be convicted of the count(s) to which I plead just as if a jury found me guilty of the charge(s) following a trial and that the Court may impose sentence upon me within the limits set forth in the plea agreement stated in paragraph (10) herein.

(7) No officer or agent of any branch of government (federal, state or local), nor any other person, has told me what sentence I will receive.  If there are any agreements between myself and my lawyer and the prosecution concerning my plea they are fully set forth in paragraph (10) below.  I understand that even with a plea agreement no person can bind the Judge to give any particular sentence in my case and that if the Judge decides to reject the plea agreement set forth in paragraph (10) below I will be offered the opportunity to withdraw my plea and plead not guilty, if I desire unless the government has only agreed to recommend a sentence to the Court (Rule 11(e)(1)(B) of the Federal Rules of Criminal Procedure).  I hope to receive probation or some form of leniency but I am prepared to accept any punishment permitted by law which the Judge may see fit to impose.  However, I respectfully request that the Judge consider in mitigation of punishment at the time of sentencing the fact that by voluntarily pleading "GUILTY" I have saved the government and the court the expense and inconvenience of a trial. [Federal Rules of Criminal Procedure. Rule 32(a)(1)].  I understand that if the Judge decides to make a recommendation about where I should serve any incarceration, or whether any sentence of incarceration should be concurrent with any state time I am already serving, that the recommendation is not a promise or a guarantee, but only a recommendation and is not binding on the Bureau of Prisons which will make the final decision (after I am sentenced) about where I will be incarcerated or whether my sentence will be concurrent (unless the judge does not recommend concurrent or orders it to be consecutive) with any state time.

(8) My lawyer has done all that anyone could do to counsel and assist me, and I understand the proceedings in this case against me.  My lawyer has done all the investigation and research in this case that I have asked him to do and I am satisfied with his representation at this point.

(9) I fully understand my rights to plead "NOT GUILTY" and fully understand the

3



consequence of my plea of guilty, I wish to plead "GUILTY" and respectfully request the Court to accept my plea as follows: Plea of Guilty to Count Three of the Superseding Indictment.

(10)  This plea is a result of a plea agreement between my lawyer and the prosecution under the provisions of Rule 11 of the Federal Rules of Criminal Procedure.

> The particularized terms and conditions of the plea agreement are contained in the attached letter from Assistant United States Attorneys William M. Cohen and Paul M. O' Brien, dated May 14, 2004.

(11)  I offer my plea of "GUILTY" freely and voluntarily and of my own accord; also my lawyer has explained to me, and I feel and believe I understand, the statements set forth in the indictment, and in this petition, and in the "Certificate of Counsel" which is attached to this petition.

(12)  I am not under the influence of either drugs or alcohol.

(13)  I pray the Court to enter now my plea of "GUILTY" as set forth in paragraph (9) of this petition, in reliance upon my statements made in this petition.

(14)  Recognizing that the Court may reserve acceptance of this plea pending the receipt of the pre-sentence report, I hereby waive the provisions of Rule 32 F.R.Cr.P. to the extent that such provisions conflict with 18 USC 3552(d), and agree that the pre-sentence report may be disclosed to the U.S. Attorney, my counsel and myself, prior to the sentencing hearing.

Signed by me in open court under the penalties of perjury in the presence of my lawyer, this the ⎸ day of June, 2004.

Thomas Edward White

## ACKNOWLEDGMENT OF GOVERNMENT ATTORNEY

The maximum punishment, plea and plea agreement (if any) are accurately stated above.

Paul M. O' Brien

4

Assistant United States Attorney

5

## CERTIFICATE OF COUNSEL

The undersigned, as attorney and counselor for **Thomas Edward White**, hereby certify as follows:

(1) I have read and fully explained to **Thomas Edward White** all the accusations against him in this case;

(2) To the best of my knowledge and belief each statement set forth in the foregoing petition is in all respects accurate and true;

(3) In my opinion the plea of "GUILTY" as offered by **Thomas Edward White** in paragraph (9) of the foregoing petition, is voluntarily and understandingly made; and I recommend to the Court that the plea of "GUILTY" be accepted and entered as requested in paragraph (9) of the foregoing petition.

Signed in open court in the presence of **Thomas Edward White** this ⁄ _____ day of June, 2004.


**PETER J. STRIANSE, ESQ.**
Attorney for Defendant

6

## O R D E R

Good cause appearing therefore from the foregoing petition of the foregoing named defendant and the certificate of his counsel and for all proceedings heretofore had in this case, it is ORDERED that the petition be granted and the defendant's plea of "GUILTY" be accepted and entered as prayed in the petition and as recommended in the certificate of counsel.

Done in open court this ___ day of _____, 2004.

William J. Haynes, Jr.
**United States District Judge**

7

FILED

2012 MAY 17  A 11: 41

U.S. DISTRICT COURT
N.D. OF ALABAMA

*United States Attorney*
*Middle District of Tennessee*

110 9th Avenue South, Suite A-961
Nashville, Tennessee 37203-3870

615/:
Fax: 615/:

May 14, 2004

Peter J. Strianse, Esq.
315 Deaderick
AmSouth Bank Center
21st Floor
Nashville, Tennessee 37238

Re: Thomas Edward White

Dear Mr. Strianse:

Please be advised the Government is willing to enter into the following revised plea agreement with Mr. White pursuant to Fed.R.Crim.Pro. 11(c)(1)(B):

1.  The defendant will enter a plea of guilty to Count Three of the Superseding Indictment.

2.  The government will move for the dismissal of the remaining counts of the Indictment and Superseding Indictment at the time of sentencing.

3   The parties will stipulate that the amount of pseudophedrine and ephedrine for which the defendant will be held responsible for sentencing guidelines purposes is 328.5grams.

4.  The defendant will stipulate he possessed firearms in connection with a drug offense, as set forth in U.S.S.G. § 2D1.1(b)(1).

5.  The defendant will stipulate that his offense involved the unlawful discharge and storage of a hazardous waste or toxic substance, as set forth in U.S.S.G. §2D1.1(b)(5)(A).

6. The defendant will not move for a downward departure.

7. The government will recommend a reduction of two levels below the otherwise applicable guidelines offense level for "acceptance of responsibility" pursuant to U.S.S.G. Sections 3E1.1(a) and (b), provided the defendant does not engage in future conduct which constitutes obstruction of justice or otherwise demonstrates a lack of acceptance of responsibility, fully and completely admits his responsibility to the Court and the Probation Office, and no facts presently unknown to the government surface with regard to defendant's pre-plea conduct which would be inconsistent with such a reduction. The government will oppose the defendant receiving the third point for acceptance of responsibility.

8. The defendant will pay the special assessment of $100.00 prior to the date of sentencing.

9. The defendant will complete a financial statement within three weeks of the date of his guilty plea, and will furnish copies of the completed statement to the United States Probation Office and this office.

10. The defendant is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging this, the defendant knowingly waives the right to appeal any sentence within the maximum provided in the offense level as determined by the court or the manner in which that sentence was determined on the grounds set forth in 18 U.S.C. § 3742 or on any ground whatever. These waivers are entered into in exchange for the concessions made by the government in this plea agreement. Such waivers do not apply, however, to claims of prosecutorial misconduct, ineffective assistance of counsel, the involuntariness of his guilty plea, or if the Court departs upward.

11. In exchange for the agreement made by the defendant in waiving appeal, the government similarly waives its right to appeal the sentence under 18 U.S.C. § 3742, except if the Court departs downward.

2



12. The defendant also knowingly waives the right to challenge the sentence imposed and the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought pursuant to 28 U.S.C. § 2255, except for claims of ineffective assistance of counsel, the involuntariness of his guilty plea, or prosecutorial misconduct.

13. All parties understand any recommendation by the government can in no way bind the Court or the Bureau of Prisons. It is further understood by all parties that this agreement does not preclude the government from assuring the record of this case and all information provided to the Court by any source is factually accurate and complete, nor from answering factual requests made by the Court, in order that the Court can make its own independent determinations.

14. This agreement is limited to the United States Attorney's Office of the Middle District of Tennessee and cannot bind any other federal, state or local prosecuting authorities.

15. No additional promises, agreements or conditions have been entered into other than those set forth in this letter and none will be entered into unless in writing and signed by all parties.

16. This plea offer will expire on Friday, May 21, 2004 and must be accepted in its entirety. The Government will not entertain any counter-proposals to this plea offer.

3



If the agreement is acceptable to you and your client, please sign where indicated and return the original to this office. Please also advise Mr. O'Brien that the plea agreement has been accepted. Thank you very much.

Sincerely,

JAMES K. VINES
United States Attorney

By: _____
WILLIAM M. COHEN
Assistant U.S. Attorney

By: _____
PAUL M. O'BRIEN
Deputy Chief, Narcotics

Plea agreement accepted:

_____          _____
THOMAS WHITE                             Date

_____          6/1/04
PETER J. STRIANSE                        Date

4

FILED UNITED STATES DISTRICT COURT

2012 MAY 17 FOR THE MIDDLE DISTRICT OF TENNESSEE

U.S. DISTRICT COURT
M.D. OF ALABAMA COLUMBIA DIVISION

**F I L E D**
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TENN.

FEB 2 5 2004

_____
DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| | ) ND/AL |
| | ) 2:12-CR-231- SLB |
| | ) |
| v. | ) No. 1:02-00019 |
| | ) |
| | ) 18 U.S.C. § 924(c)(1) |
| | ) 21 U.S.C. § 841(a)(1) |
| | ) 21 U.S.C. § 841(c)(2) |
| | ) 21 U.S.C. § 843(a)(6) |
| | ) 21 U.S.C. § 843(d)(2) |
| | ) 21 U.S.C. § 846 |
| THOMAS EDWARD WHITE | ) |

## SUPERSEDING  I N D I C T M E N T

### COUNT ONE

THE GRAND JURY CHARGES:

On or about September 11, 2002, in the Middle District of Tennessee, **THOMAS EDWARD**

**WHITE**, did knowingly and intentionally attempt to manufacture a controlled substance, to wit, 50

grams or more of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 846.

ATTEST AND CERTIFY
**A TRUE COPY**
Clerk
U.S. District Court
Middle District of Tennessee
By:_____
Deputy Clerk

(71)

## COUNT TWO

THE GRAND JURY FURTHER CHARGES:

On or about September 11, 2002, in the Middle District of Tennessee, **THOMAS EDWARD WHITE**, did knowingly and intentionally possess a quantity of pseudoephedrine, a list I chemical, knowing and having reasonable cause to believe that the pseudoephedrine would be used to manufacture a Schedule II controlled substance, to wit, methamphetamine.

In violation of Title 21, United States Code, Section 841(c)(2).

## COUNT THREE

THE GRAND JURY FURTHER CHARGES:

On or about September 11, 2002, in the Middle District of Tennessee, **THOMAS EDWARD WHITE**, did knowingly and intentionally possess equipment, chemicals, products and materials, knowing, intending and having reasonable cause to believe that the equipment, chemicals, products, and materials would be used to manufacture a Schedule II controlled substance, to wit, methamphetamine, with the intent to manufacture and to facilitate the manufacture of methamphetamine.

In violation of Title 21, United States Code Sections 843(a)(6) and 843(d)(2).

<u>COUNT FOUR</u>

THE GRAND JURY FURTHER CHARGES:

On or about September 11, 2002, in the Middle District of Tennessee, **THOMAS EDWARD**

**WHITE**, did knowingly and unlawfully possess one or more firearms, to wit, a .22 caliber Browning

pistol and a .243 caliber Remington rifle, in furtherance of drug trafficking crimes for which

**THOMAS EDWARD WHITE** may be prosecuted in a court of the United States.

In violation of Title 18, United States Code, Section 924(c)(1).

A TRUE BILL

*Duane Leach*

FOREPERSON

*James K. Vines*

JAMES K. VINES
UNITED STATES ATTORNEY

- 3 -

SDL/sjl 9/25/02

FILED

UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF TENNESSEE

COLUMBIA DIVISION

U.S. DISTRICT COURT
N.D. OF ALABAMA

FILED

U.S. DISTRICT COURT
MIDDLE DISTRICT OF TENN.

SEP 2 5 2002

BY _____
DEPUTY CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:02-00019 |
| | ) | |
| v. | ) | 18 U.S.C. § 924(c)(1) |
| | ) | 21 U.S.C. §§ 841(a)(1), 843(a)(6) |
| THOMAS EDWARD WHITE | ) | & (d)(2) |
| | ) | |

ND/AL
2:12-CR-231-SLB

I N D I C T M E N T

### COUNT ONE

The Grand Jury charges:

On or about September 11, 2002, in the Middle District of Tennessee, THOMAS EDWARD WHITE, knowingly and intentionally did manufacture, attempt to manufacture, and possess with intent to distribute a controlled substance, to wit, 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 846.

ATTEST AND CERTIFY
**A TRUE COPY**
Clerk
U.S. District Court
Middle District of Tennessee
By: _____
Deputy Clerk

⑨

## COUNT TWO

The Grand Jury further charges:

On or about September 11, 2002, in the Middle District of Tennessee, THOMAS EDWARD WHITE, did knowingly and unlawfully possess one or more firearms in furtherance of a drug trafficking crime, to wit the knowing and intentional manufacture, attempt to manufacture and possession with intent to distribute, a controlled substance, to wit, a mixture or substance containing a detectable amount of methamphetamine, for which, Thomas White may be prosecuted in a Court of the United States.

In violation of Title 18, United States Code, Section 924(c)(1).

## COUNT THREE

The Grand Jury further charges:

On or about September 11, 2002, in the Middle District of Tennessee, THOMAS EDWARD WHITE, knowingly and intentionally did unlawfully possess equipment, chemicals, products and materials which may be used to manufacture methamphetamines, a Schedule II controlled substance, while knowing, intending and having reasonable cause to believe that the equipment, chemicals, products and materials would be used to manufacture a controlled substance, with the intent to manufacture and to facilitate the manufacture of methamphetamine.

- 2 -

In violation of Title 21, United States Code Sections 843(a)(6) and (d)(2).

A TRUE BILL

FOREPERSON

ROBERT C. WATSON
First Assistant United States Attorney
Middle District of Tennessee

- 3 -

FILED

2012 MAY 17  A  11:08

U.S. DISTRICT COURT
N.D. OF ALABAMA

**U.S. District Court**
**Middle District of Tennessee (Columbia)**
**CRIMINAL DOCKET FOR CASE #: 1:02-cr-00019 All Defendants**
**Internal Use Only**

Case title: USA v. White
Magistrate judge case number: 3:02-mj-02053

Date Filed: 09/25/2002
Date Terminated: 12/21/2004

Assigned to: District Judge William J. Haynes, Jr

*ND/AL
2:12-CR-231-SLB*

**Defendant (1)**

**Thomas Edward White**
*TERMINATED: 12/21/2004*

represented by **Peter J. Strianse**
Tune, Entrekin & White
AmSouth Center
315 Deaderick Street
Suite 1700
Nashville, TN 37238
(615) 244-2770
Email: pstrianse@tewlawfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Pending Counts**

Superseding Indictment filed 2/25/04: 21:843(a)(6) and 21:843(d)(2) Possession of equipment and materials to manufacture methamphetamine (3s)

**Disposition**

Plea of guilty to Count 3 of the superseding indictment. Imprisonment for 120 months. The court imposes an alternative sentence of 84 months if the sentencing guidelines are found unconstitutional. Remanded to custody. Three years supervised release, with special conditions. $100 special assessment. Restitution of $8,387.60. ORDER ENTERED 12/8/05 MODIFYING JUDGMENT TO IMPOSE A SENTENCE OF 84 MONTHS.

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**

Indictment filed 9/25/02: 21:841(a)(1) and 21:846 Manufacture, attempt to manufacture, and possession with intent to distribute 500 grams or more of methamphetamine (1)

Superseding Indictment filed 2/25/04: 21:841(a)(1) and 21:846 Attempting to manufacture 50 grams or more of methamphetamine (1s)

Indictment filed 9/25/02: 18:924(c)(1)

**Disposition**

Counts 1-3 of the underlying indictment termed.

Dismissed on motion by Govt.

ATTEST AND CERTIFY
A TRUE COPY
Clerk
U S District Court
Middle District of Tennessee

By _____ 5/14/2012
Deputy Clerk

| | |
|---|---|
| Possession of one or more firearms in furtherance of drug trafficking<br>(2) | Counts 1-3 of the underlying indictment termed. |
| Superseding Indictment filed 2/25/04: 21:841(c)(2) Possession of pseudoephedrine to manufacture methamphetamine<br>(2s) | Dismissed on motion by Govt. |
| Indictment filed 9/25/02: 21:843(a)(6) and 21:843(d)(2) Possession of equipment and materials to manufacture methamphetamine<br>(3) | Counts 1-3 of the underlying indictment termed. |
| Superseding Indictment filed 2/25/04: 18:924(c)(1) Possession of firearms in furtherance of drug trafficking<br>(4s) | Dismissed on motion by Govt. |

**Highest Offense Level (Terminated)**

Felony

**Complaints**                                               **Disposition**

None

---

**Plaintiff**

USA                                    represented by **Jimmie Lynn Ramsaur**
Office of the United States Attorney (MDTN)
110 Ninth Avenue, S
Suite A961
Nashville, TN 37203-3870
(615) 736-5151
Email: jimmie.lynn.ramsaur@usdoj.gov
*ATTORNEY TO BE NOTICED*

**William Mark Cohen**
Office of the United States Attorney
110 Ninth Avenue, S
Suite A961
Nashville, TN 37203-3870
(615) 736-5151
*TERMINATED: 01/03/2012*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/13/2002 | 1 | COMPLAINT against deft Thomas Edward White signed by Magistrate Judge E. C. Knowles [ 3:02-m -2053 ] (as) (Entered: 09/19/2002) |
| 09/13/2002 | | ARREST Warrant issued for Thomas Edward White by Magistrate Judge E. C. Knowles [ 3:02-m -2053 ] (as) (Entered: 09/19/2002) |
| 09/13/2002 | 2 | ARREST Warrant executed as to deft Thomas Edward White. Deft was arrested on 9/12/02. [ 3:02-m -2053 ] (as) (Entered: 09/19/2002) |
| 09/13/2002 | | ARREST of deft Thomas Edward White on 9/12/02 [ 3:02-m -2053 ] (as) (Entered: 09/19/2002) |
| 09/13/2002 | 3 | MOTION by Govt for detention as to deft Thomas Edward White [ 3:02-m -2053 ] (as) |

|  |  | (Entered: 09/19/2002) |
|---|---|---|
| 09/13/2002 | 4 | CLERKS RESUME of hearing before Magistrate Judge E. C. Knowles: Initial appearance of deft Thomas Edward White held 9/13/02. Deft appeared with appointed counsel Jude Lenahan . Deft waived detention hearing and detained on motion by Govt [3-1]. Order of detention to enter. Preliminary hearing is set for 1:30 p.m. on 9/18/02 . [ 3:02-m -2053 ] (as) (Entered: 09/19/2002) |
| 09/13/2002 | 5 | CJA Form 23 (Financial Affidavit) as to deft Thomas Edward White [ 3:02-m -2053 ] (as) (Entered: 09/19/2002) |
| 09/13/2002 | 6 | ORDER by Magistrate Judge E. C. Knowles appointing counsel for deft Thomas Edward White (cc: all counsel) [ 3:02-m -2053 ] (as) (Entered: 09/19/2002) |
| 09/17/2002 | 7 | ORDER of Detention by Magistrate Judge E. C. Knowles as to deft Thomas Edward White. (EOD 9/19/02) (cc: all counsel) [ 3:02-m -2053 ] (as) (Entered: 09/19/2002) |
| 09/18/2002 | 8 | CLERKS RESUME of hearing before Magistrate Judge Joe B. Brown: Deft Thomas Edward White appeared with counsel Jude Lenahan for preliminary hearing on 9/18/02 . Deft bound over to grand jury. [ 3:02-m -2053 ] (as) (Entered: 09/19/2002) |
| 09/25/2002 | 9 | INDICTMENT filed by Govt against deft Thomas Edward White (Counts 1, 2, 3) (as) (Entered: 09/26/2002) |
| 10/04/2002 | 10 | NOTICE: Arraignment is set before Magistrate Judge Knowles at 10:00 a.m. on 10/11/02 for deft Thomas Edward White (as) (Entered: 10/04/2002) |
| 10/09/2002 | 11 | APPEARANCE for deft Thomas Edward White by Attorney Peter J. Strianse (rls) (Entered: 10/09/2002) |
| 10/09/2002 | 12 | MOTION by deft Thomas Edward White for attorney Peter J. Strianse to be substituted for AFPD Jude Lenahan as counsel of record (rls) (Entered: 10/09/2002) |
| 10/10/2002 | 13 | ORDER by Judge Thomas A. Higgins: Motion by deft Thomas Edward White for attorney Peter J. Strianse to be substituted for AFPD Jude Lenahan as counsel of record [12-1] is GRANTED. (EOD 10/10/02) (cc: all counsel) (rls) (Entered: 10/10/2002) |
| 10/11/2002 | 14 | WAIVER by deft Thomas Edward White of personal appearance at arraignment and entry of a plea of not guilty effective 10/11/02. (as) (Entered: 10/11/2002) |
| 10/15/2002 | 15 | ORDER by Judge Thomas A. Higgins: A jury trial is set for 9:00 a.m. on 12/3/02 for deft Thomas Edward White . (EOD 10/16/02) (cc: all counsel) (rls) (Entered: 10/16/2002) |
| 10/15/2002 | 16 | ORDER by Judge Thomas A. Higgins: Not less than 10 days prior to trial, the Govt shall file a manuscript of proposed jury instructions. Not less than 5 days prior to trial, deft Thomas Edward White shall file a notice of acceptance or objections thereto. (EOD 10/16/02) (cc: all counsel) (rls) (Entered: 10/16/2002) |
| 10/31/2002 | 17 | MOTION by deft Thomas Edward White to set conditions of release (rls) (Entered: 11/01/2002) |
| 11/05/2002 | 18 | ORDER by Judge Thomas A. Higgins: Motion by deft Thomas Edward White to set conditions of release [17-1] is set for hearing at 10:00 a.m. on 11/26/02. USMS is directed to produce deft for the hearing. (EOD 11/6/02) (cc: all counsel) (rls) (Entered: 11/06/2002) |
| 11/21/2002 | 19 | MOTION by Govt for detention as to deft Thomas Edward White (as) Modified on 12/05/2002 (Entered: 11/22/2002) |
| 11/26/2002 | 20 | CLERKS RESUME of hearing before Judge Thomas A. Higgins: Deft Thomas Edward White appeared with counsel Peter Strianse for hearing on the motion by deft to set conditions of release [17-1]. Hearing continued until 2:00 p.m. on 12/2/02. OCR Charlotte Sloan (as) Modified on 12/05/2002 (Entered: 11/27/2002) |
| 11/26/2002 | 21 | MOTION by deft Thomas Edward White to continue trial date set for 12/3/02 and to |

| | | |
|---|---|---|
| | | enlarge the time for filing pretrial motions (rls) (Entered: 11/27/2002) |
| 12/02/2002 | 22 | CLERKS RESUME of hearing before Judge Thomas A. Higgins: Deft Thomas Edward White appeared on 12/2/02 with counsel Peter Strianse for a hearing on motion to set conditions of release [17-1]. Deft will be released on $250,000 bond secured by pledges of land owned by deft, David White and Frances White. Court date to be reset. Order to enter. Exhibit/Witness List attached. OCR John Tummel (rls) (Entered: 12/05/2002) |
| 12/02/2002 | 23 | EXHIBIT/WITNESS list from hearing held 12/2/02 as to deft Thomas Edward White (rls) (Entered: 12/05/2002) |
| 12/02/2002 | 24 | WAIVER OF SPEEDY TRIAL filed by deft Thomas Edward White (rls) (Entered: 12/05/2002) |
| 12/04/2002 | 25 | CRIMINAL NOTICE: A hearing is set for 2:30 p.m. on 12/9/02 on motion by deft Thomas Edward White to set conditions of release [17-1]. (rls) (Entered: 12/05/2002) |
| 12/04/2002 | 26 | ORDER by Judge Thomas A. Higgins: Motion by deft Thomas Edward White to continue trial date set for 12/3/02 and to enlarge the time for filing pretrial motions [21-1] is GRANTED. The jury trial is hereby reset for 9:00 a.m. on 2/25/03. The time for filing pretrial motions is extended to the close of business on 1/10/03. Any evidentiary hearing required by the filing of pretrial motions will be heard at 9:30 a.m. on 2/7/03 . (EOD 12/5/02) (cc: all counsel) (rls) (Entered: 12/05/2002) |
| 12/09/2002 | 27 | CLERKS RESUME of hearing before Judge Thomas A. Higgins: Deft Thomas Edward White appeared with counsel Peter Strianse for continuation of the bond hearing from 12/2/02. Third party custodians (David White, brother, and Frances White, mother) executed bond papers in open court. Clerk is directed to file three opinion letters and mortgage with order setting conditions of release and appearance bond. with appearance bond and order setting conditions of release . OCR John Tummel (as) (Entered: 12/10/2002) |
| 12/09/2002 | 28 | OPINION LETTER dated 12/5/02 from Edward W. Doggett, attorney, regarding property posted by Frances Delores White to secure appearance bond for deft Thomas Edward White. (as) (Entered: 12/10/2002) |
| 12/09/2002 | 29 | OPINION LETTER dated 12/5/02 from Edward W. Doggett, attorney, regarding property posted by deft Thomas Edward White to secure his appearance bond. (as) (Entered: 12/10/2002) |
| 12/09/2002 | 30 | OPINION LETTER dated 12/5/02 from Edward W Doggett, attorney, regarding property posted by David Wayne White to secure appearance bond for deft Thomas Edward White (as) (Entered: 12/10/2002) |
| 12/09/2002 | 31 | APPEARANCE BOND ($250,000, secured by Deeds of Trust) by deft Thomas Edward White, Box 611, County Road 167, Lexington, AL, 25648. (Original deed of trust to financial) (EOD 12/10/02) (cc: all counsel) (as) Modified on 12/10/2002 (Entered: 12/10/2002) |
| 12/09/2002 | 32 | ORDER setting conditions of release by Judge Thomas A. Higgins for deft Thomas Edward White. (EOD 12/10/02) (cc: all counsel) (as) (Entered: 12/10/2002) |
| 12/16/2002 | 33 | COLLATERAL/BOND (Receipt #89309) in the form of a Deed of Trust from deft Thomas Edward White (as) (Entered: 12/17/2002) |
| 01/10/2003 | 34 | MOTION by deft Thomas Edward White to enlarge the time for filing pretrial motions (rls) (Entered: 01/10/2003) |
| 01/13/2003 | 35 | ORDER by Judge Thomas A. Higgins: Motion by deft Thomas Edward White to enlarge the time for filing pretrial motions [34-1] is GRANTED. Accordingly, the deadline for filing pretrial motions is extended to the close of business on 1/15/03 . (EOD 1/13/03) (cc: all counsel) (rls) (Entered: 01/13/2003) |
| | | |

| 01/15/2003 | 36 | MOTION by deft Thomas Edward Whit in limine No. 1 to exclude "Other crimes, wrongs, or acts" (rls) (Entered: 01/15/2003) |
| 01/15/2003 | 37 | MEMORANDUM OF LAW by deft Thomas Edward White filed in support of motion in limine No. 1 [36-1] (rls) (Entered: 01/15/2003) |
| 02/03/2003 | 38 | RESPONSE by Govt to motion by deft Thomas Edward Whit in limine No. 1 to exclude "Other crimes, wrongs, or acts" [36-1] (rls) (Entered: 02/03/2003) |
| 02/13/2003 | 39 | JOINT MOTION by Govt and deft Thomas Edward White to continue the trial set for 2/25/03 (rls) (Entered: 02/14/2003) |
| 02/18/2003 | 40 | ORDER by Judge Thomas A. Higgins: The motion by Govt and deft Thomas Edward White to continue the trial set for 2/25/03 [39-1] is set for hearing at 1:30 p.m. on 2/18/03. (EOD 2/18/03) (cc: all counsel) (rls) (Entered: 02/18/2003) |
| 02/18/2003 | 41 | CLERKS RESUME of hearing before Judge Thomas A. Higgins: Deft Thomas Edward White appeared with retained counsel Peter Strianse for a hearing held on 2/18/03 on the joint motion to continue the trial set for 2/25/03 [39-1]. Motion granted. Order to enter. OCR Charlotte Sloan (rls) (Entered: 02/19/2003) |
| 02/18/2003 | 42 | WAIVER OF SPEEDY TRIAL filed by deft Thomas Edward White (rls) (Entered: 02/19/2003) |
| 02/18/2003 | 43 | ORDER by Judge Thomas A. Higgins: Joint motion by Govt and deft Thomas Edward White to continue the trial set for 2/25/03 [39-1] is GRANTED. Accordingly, the jury trial is hereby reset for 9:00 a.m. on 5/27/03 in Nashville . Any plea agreement shall be consummated by 12:00 p.m. on 5/21/03. Any proposed plea agreement shall be submitted to the Court on 5/23/03. (EOD 2/19/03) (cc: all counsel) (rls) Modified on 02/19/2003 (Entered: 02/19/2003) |
| 02/18/2003 | 44 | ORDER by Judge Thomas A. Higgins: Not less than 10 days prior to trial, the Govt shall file a manuscript of proposed jury instructions. Not less than 5 days prior to trial, deft Thomas Edward White shall file a notice of acceptance or objections thereto. (EOD 2/19/03) (cc: all counsel) (rls) (Entered: 02/19/2003) |
| 04/21/2003 | 45 | ORDER by Judge Thomas A. Higgins: The Clerk is directed to file a Memorandum from USPO as to deft Thomas Edward White as part of the record in this case. (EOD 4/22/03) (cc: all counsel) (rls) (Entered: 04/22/2003) |
| 04/21/2003 | 46 | MEMORANDUM dated 4/17/03 by USPO regarding bond violations by deft Thomas Edward White. (rls) (Entered: 04/22/2003) |
| 05/06/2003 | 47 | ATTORNEY APPEARANCE for Govt by AUSA William Mark Cohen as to the case against Thomas Edward White (rls) (Entered: 05/06/2003) |
| 05/22/2003 | 48 | REQUESTED Special Jury Instructions filed by deft Thomas Edward White (as) (Entered: 05/22/2003) |
| 05/27/2003 | 49 | CLERKS RESUME of hearing before Judge Thomas A. Higgins: Deft Thomas White appeared with counsel Peter Strianse for hearing on 5/27/03. For reasons stated on the record, deft's oral motion to continue trial set for 5/27/03 is granted. Deft's bond is revoked. Any plea to be reached by noon on 8/6/03. Any plea to be heard on 8/8/03 at 1:30 in Nashville. Jury trial reset for 8/26/03 at 9:00 a.m. OCR Charlotte Sloan (as) (Entered: 05/28/2003) |
| 05/27/2003 | 50 | ORDER by Judge Thomas A. Higgins: For the reasons stated at the hearing on 5/27/03, the motion by deft Thomas Edward White made on the record to continue the trial set for 5/27/03 is granted. Jury trial is reset for 9:00 a.m. on 8/26/03 in Nashville . Any plea agreement shall be consummated by noon on 8/6/03. Any proposed plea agreement shall be submitted to the Court on 8/8/03 at 1:30 p.m. in Nashville. (EOD 5/28/03) (cc: all counsel) (as) (Entered: 05/28/2003) |

| 05/27/2003 | 51 | ORDER of Detention by Judge Thomas A. Higgins as to deft Thomas Edward White: For the reasons stated on the record at the hearing on 5/27/03, the deft's bond is revoked. (EOD 5/28/03) (cc: all counsel) (as) (Entered: 05/28/2003) |
| 05/29/2003 | 52 | MOTION by deft Thomas Edward White for a competency examination (rls) (Entered: 05/29/2003) |
| 05/29/2003 | 53 | AFFIDAVIT of deft David Wayne White filed in support of motion for competency examination [52-1] (rls) (Entered: 05/29/2003) |
| 06/04/2003 | 54 | RESPONSE by Govt to motion by deft Thomas Edward White for a competency examination [52-1] (rls) (Entered: 06/04/2003) |
| 06/10/2003 | 55 | ORDER by Judge Thomas A. Higgins: Upon motion by deft Thomas Edward [52-1], the Court finding reason to believe an examination is necessary and proper to determine competence to stand trial, it is Ordered that the deft is committed to the custody the Attorney General for placement in a suitable facility for a period not to exceed 45 days. (EOD 6/10/03) (cc: all counsel) (as) (Entered: 06/10/2003) |
| 06/20/2003 | 56 | MOTION by deft Thomas Edward White to release Deeds of Trust posted as security for bond . (as) Modified on 06/27/2003 (Entered: 06/23/2003) |
| 06/27/2003 | 57 | ORDER by Judge Thomas A. Higgins: Motion by deft Thomas Edward White to release Deeds of Trust posted as security for bond [56-1] is GRANTED and the Clerk is so directed, as requested, to release the Deeds of Trust. (EOD 6/27/03) (cc: all counsel) (as) (Entered: 06/27/2003) |
| 06/27/2003 | 58 | RESPONSE by Govt to motion by deft Thomas Edward White to release trust deed [56-1] (as) (Entered: 06/30/2003) |
| 07/28/2003 | 59 | JUDGMENT and Commitment [55-1] executed on 7/10/03 as to deft Thomas Edward White incarcerated at FMC, Lexington, KY (rls) (Entered: 07/28/2003) |
| 08/13/2003 | 60 | JOINT MOTION by deft Thomas White and Govt to continue trial set for 8/26/03 . (as) (Entered: 08/14/2003) |
| 08/13/2003 | 61 | ORDER by Judge Thomas A. Higgins: Pursuant to 28:294(b), this matter is returned to the Clerk for reassignment. Case reassigned to Judge William J. Haynes Jr. (EOD 8/14/03) (cc: all counsel) (as) (Entered: 08/14/2003) |
| 08/15/2003 | 62 | ORDER by Judge William J. Haynes Jr.: Joint Motion by deft Thomas White and Govt to continue trial set for 8/26/03 [60-1] is GRANTED in the interest of justice to assure the deft's competence to proceed further. (Jury trial to be reset) . (EOD 8/15/03) (cc: all counsel) (as) (Entered: 08/15/2003) |
| 09/26/2003 | 63 | LETTER dated 9/12/03 from Warden, FMC Lexington, filed UNDER SEAL as to deft Thomas White pursuant to court order (pl) (Entered: 10/16/2003) |
| 09/26/2003 | 64 | PSYCHIATRIC/PHYSICAL Evaluation report received from FMC Lexington as to deft Thomas Edward White filed UNDER SEAL (pl) (Entered: 10/16/2003) |
| 10/27/2003 | 65 | ORDER by Judge William J. Haynes, Jr.: The jury trial is hereby reset for 9:00 a.m. on 12/2/03 for deft Thomas Edward White. Any plea agreement shall be consummated by 12:00 p.m. on 11/28/03. Any proposed plea agreement shall be submitted to the Court at 1:30 p.m. on 12/1/03. Deft and counsel shall appear for a status conference at 1:30 p.m. on 11/24/03. Any motion requiring an evidentiary hearing shall be filed by close of business on 11/14/03 and the hearing shall be held at 2:30 p.m. on 11/28/03 . (EOD 10/28/03) (cc: all counsel) (rls) (Entered: 10/28/2003) |
| 11/17/2003 | 66 | MOTION by deft Thomas Edward White to continue trial date set for 12/2/03 (rls) (Entered: 11/17/2003) |
| 11/18/2003 | 67 | RESPONSE by Govt to motion by deft Thomas Edward White to continue trial date set for |

| | | |
|---|---|---|
| | | 12/2/03 [66-1] (rls) (Entered: 11/20/2003) |
| 11/19/2003 | 68 | ORDER by Judge William J. Haynes, Jr.: Motion by deft Thomas Edward White to continue trial date set for 12/2/03 [66-1] is GRANTED in the interests of justice to allow the parties to pursue a plea agreement. Counsel shall file a report within 30 days on the status of their discussions . (EOD 11/20/03) (cc: all counsel) (rls) (Entered: 11/20/2003) |
| 12/24/2003 | 69 | STATUS REPORT filed by Govt concerning plea negotiations with deft Thomas Edward White. Plea negotiations are ongoing; no agreement has been reached. (as) (Entered: 12/29/2003) |
| 01/13/2004 | 70 | NOTICE: Jury trial is reset for 9:00 a.m. on 3/16/04 for deft Thomas Edward White . An order will enter outlining trial date and other proceedings. (as) (Entered: 01/13/2004) |
| 02/25/2004 | 71 | SUPERSEDING INDICTMENT filed by Govt against deft Thomas Edward White (Counts 1s, 2s, 3s, 4s) (as) (Entered: 02/27/2004) |
| 03/02/2004 | 72 | NOTICE: Arraignment is hereby set for 11:00 a.m. on 3/10/04 before Magistrate Judge Juliet Griffin as to deft Thomas Edward White . (rls) Modified on 03/03/2004 (Entered: 03/03/2004) |
| 03/05/2004 | 73 | WAIVER by deft Thomas Edward White of personal appearance at arraignment on superseding indictment and entry of a plea of not guilty effective 3/10/04. (as) (Entered: 03/09/2004) |
| 03/18/2004 | 74 | ORDER by Judge William J. Haynes Jr.: Jury trial is reset for 9:00 a.m. on 6/1/04 for deft Thomas Edward White. A status conference is set for 3:30 p.m. on 5/24/04 . (EOD 3/19/04) (cc: all counsel) (as) (Entered: 03/19/2004) |
| 05/11/2004 | 75 | ORDER by Judge William J. Haynes Jr.: Motion by deft Thomas Edward White in limine No. 1 to exclude "Other crimes, wrongs, or acts" [36-1] is set for for hearing at 3:30 p.m. on 5/24/04. (EOD 5/12/04) (cc: all counsel) (pl) (Entered: 05/12/2004) |
| 05/24/2004 | 76 | CLERKS RESUME of hearing before Judge William J. Haynes Jr.: Deft Thomas White appeared with counsel for status conference on 5/24/04. A plea hearing is set for 2:00 p.m. on 6/1/04 . (as) (Entered: 05/25/2004) |
| 05/25/2004 | 77 | ORDER by Judge William J. Haynes Jr.: For reasons stated in open Court, the motion by deft Thomas Edward Whit in limine No. 1 to exclude "Other crimes, wrongs, or acts" [36-1] is denied as moot without prejudice to renew. (EOD 5/25/04) (cc: all counsel) (pl) (Entered: 05/25/2004) |
| 05/25/2004 | 78 | ORDER by Judge William J. Haynes Jr.: A change of plea hearing is set for 2:00 p.m. on 6/1/04 for Thomas Edward White . (EOD 5/25/04) (cc: all counsel) (pl) (Entered: 05/25/2004) |
| 06/01/2004 | 79 | CLERKS RESUM before Judge William J. Haynes Jr.: Plea hearing held on 6/1/04; Plea accepted & entered effective 6/1/04; OCR Peggy Turner (af) (Entered: 06/04/2004) |
| 06/01/2004 | 80 | ORDER by Judge William J. Haynes Jr.: Guilty plea accepted & entered by deft Thomas Edward White effective 6/1/04 (cc: all counsel) (EOD 6/4/04) (af) (Entered: 06/04/2004) |
| 06/01/2004 | 81 | NOTICE of hearing: Sentencing hearing set for 1:30 p.m. on 9/10/04 for Thomas Edward White (af) (Entered: 06/04/2004) |
| 06/14/2004 | | OCR Peggy Turner recording of plea hearing on 6/1/04 for deft Thomas Edward White (kb) (Entered: 06/15/2004) |
| 06/15/2004 | 82 | CRIMINAL COLLATERAL/BOND (Deed of Trust) returned to Ms. Frances white, 611 County Rd, 167, Lexington, AL 35648, for appearance bond as to deft Thomas Edward White. (pl) (Entered: 06/16/2004) |
| 08/16/2004 | 83 | SENTENCING POSITION by Govt re: sentencing factors (kb) (Entered: 08/16/2004) |

| 09/03/2004 | 84 | MOTION by deft Thomas Edward White to continue sentencing hearing set for 9/10/04 (pl) (Entered: 09/03/2004) |
| 09/10/2004 | 85 | ORDER by Judge William J. Haynes Jr.: Motion by deft Thomas Edward White to continue sentencing hearing set for 9/10/04 [84-1] is GRANTED based on the need for additional information. Sentencing hearing is continued <date not set> for deft Thomas Edward White (EOD 9/10/04) (cc: all counsel) (kb) (Entered: 09/10/2004) |
| 09/16/2004 | 86 | ORDER by Judge William J. Haynes Jr.: Sentencing hearing set for 2:00 p.m. on 11/1/04 for Thomas Edward White (EOD 9/16/04) (cc: all counsel) (pl) (Entered: 09/16/2004) |
| 10/22/2004 | 87 | TRANSCRIPT of proceeding on 6/1/04 filed by OCR Peggy Turner (kb) (Entered: 10/22/2004) |
| 11/01/2004 | 88 | AGREED ORDER by Judge William J. Haynes Jr.: Sentencing hearing is reset for 1:30 p.m. on 12/3/04 for deft Thomas Edward White . (EOD 11/2/04) (cc: all counsel) (kb) (Entered: 11/02/2004) |
| 12/02/2004 | 89 | MOTION by Govt to continue sentencing hearing set for 12/3/04 as to deft Thomas Edward White . (as) (Entered: 12/03/2004) |
| 12/02/2004 | 90 | ORDER by Judge William J. Haynes Jr.: Motion by Govt to continue sentencing hearing set for 12/3/04 as to deft Thomas Edward White [89-1] is GRANTED. Sentencing hearing is reset for 3:30 p.m. on 12/17/04 . (EOD 12/3/04) (cc: all counsel) (as) (Entered: 12/03/2004) |
| 12/17/2004 | 91 | CLERKS RESUME of hearing before Judge William J. Haynes Jr.: Deft Thomas White appeared with counsel Peter Strianse for sentencing hearing on 12/17/04. AUSA William Cohen would like to do further research, therefore, the sentencing is continued until 9:00 a.m. on 12/21/04 for deft Thomas Edward White with attached Exhibit 1 & 2. OCR Susan Delac (kb) Modified on 12/20/2004 (Entered: 12/20/2004) |
| 12/17/2004 | | OCR Susan Delac's recording of sentencing hearing on 12/17/04 for deft Thomas Edward White (as) (Entered: 12/28/2004) |
| 12/21/2004 | 92 | CLERKS RESUME of hearing before Judge William J. Haynes Jr.: Deft Thomas Edward White appeared with counsel Peter Strianse for continuation of sentencing hearing on 12/21/04 . Imprisonment for 120 months; 3 years supervised release. Restitution of $8,387.50. J&C to enter. OCR Peggy Turner (as) (Entered: 12/28/2004) |
| 12/21/2004 | | OCR Peggy Turner's recording of continuation of sentencing on 12/21/04 for deft Thomas Edward White (as) (Entered: 12/28/2004) |
| 12/21/2004 | 93 | JUDGMENT and Commitment Order of sentencing on 12/21/04 as to deft Thomas Edward White (Reg. No. 17959-075; Born 1959): Plea of guilty to Count 3 of the superseding indictment. Imprisonment for 120 months. The court imposes an alternative sentence of 84 months if the sentencing guidelines are found unconstitutional. Remanded to custody. Three years supervised release, with special conditions. $100 special assessment. Restitution of $8,387.60. Counts 1s, 2s and 4s dismissed on motion by Govt. Counts 1-3 of the underlying indictment termed. (EOD 12/28/04) (cc: all counsel) (as) (Entered: 12/28/2004) |
| 12/21/2004 | | (Court only) Docket Modification (Utility) Case termed (as) (Entered: 12/28/2004) |
| 01/06/2005 | 94 | ORDER by Judge William J. Haynes Jr.: The Judgment and Commitment Order is hereby AMENDED to reflect that the total amount of loss is $8,387.50 with the Victim listed as USM Service-Asset Forfeiture. re [93-1], [93-2], [93-3], [93-4] (EOD 1/7/05) (cc: all counsel) (kb) (Entered: 01/07/2005) |
| 02/08/2005 | 95 | JUDGMENT and Commitment Order [93-1] executed on 2/2/05 as to deft Thomas Edward White: Deft incarcerated at FCC Forrest City (pl) (Entered: 02/08/2005) |
| 11/21/2005 | 96 | MOTION To Modify Imposed Term of Imprisonment by Thomas Edward White. |

| | | (Strianse, Peter) (Entered: 11/21/2005) |
|---|---|---|
| 12/06/2005 | 🌐 98 | ORDER as to Thomas Edward White: Motion by deft to modify sentence to conform to earlier judgment in light of USA v. Booker 96 is granted to impose a sentence of 84 months. Signed by Judge William J. Haynes on 12/8/05. (as, ) (Entered: 12/09/2005) |
| 12/07/2005 | 🌐 97 | RESPONSE to Motion by USA as to Thomas Edward White re 96 MOTION To Modify Imposed Term of Imprisonment (Cohen, William) (Entered: 12/07/2005) |
| 09/13/2006 | 🌐 99 | Judgment Returned Executed as to Thomas Edward White. (kb, ) (Entered: 09/14/2006) |
| 01/03/2012 | 🌐 100 | ORDER as to Thomas Edward White: Report received from USPO re: noncompliance by deft with conditions of supervised release. The Court orders no action as recommended. Signed by District Judge William J. Haynes, Jr on 1/3/2012. (as) (Entered: 01/03/2012) |
| 01/05/2012 | 🌐 101 | ORDER TRANSFERRING JURISDICTION as to Thomas Edward White: Ordered that jurisdiction be transferred to the Northern District of Alabama upon that Court's order of acceptance. Signed by District Judge William J. Haynes, Jr on 1/5/12. (jb) (Entered: 01/05/2012) |
| 01/05/2012 | 🌐 102 | Transfer of Jurisdiction request sent to the Northern District of Alabama as to Thomas Edward White. (jb) (Entered: 01/05/2012) |
| 05/14/2012 | 🌐 103 | ORDER ACCEPTING JURISDICTION received from the Northern District of Alabama as to Thomas Edward White. Transmitted Transfer of Jurisdiction form, with certified copies of pertinent documents. (jb) (Entered: 05/14/2012) |
| 05/14/2012 | 🌐 104 | Letter forwarding certified copies of pertinent documents to the Northern District of Alabama as to Thomas Edward White. (jb) (Entered: 05/14/2012) |